**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| STEVEN BERNARD, Individually and on behalf of other employees similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MASTEC SERVICES COMPANY, INC., <br><br> Defendant. | CIVIL ACTION NO. 3-10-CV-626-N |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of May 18, 2010, Plaintiff Steven Bernard and Defendant MasTec Services Company, Inc. submit the following Joint Status Report as follows:

**A)      a brief statement of the nature of the case and the contention of the parties:**

Plaintiff claims that during his employment he worked more than 40 hours a week without receiving overtime pay from Defendant.  Defendant contends that Plaintiff was instructed to record all of his working time, certified weekly that he recorded all of his working time and was paid for all of the time he recorded each week, therefore, Plaintiff has suffered no damages.

**B)      the status of settlement discussions (excluding any discussion of amounts):**

The parties have not yet discussed potential settlement but are open to future settlement discussions.

**C)** **possible joinder of additional parties:**

The parties do not anticipate joinder of additional parties.

**D)** **any anticipated challenges to jurisdiction or venue:**

There are no anticipated challenges to jurisdiction or venue; however, Defendant asserts that Plaintiff's claims are covered by a binding arbitration agreement, and thus the Court should stay this matter and compel the parties to arbitration. The parties have discussed arbitration of Plaintiff's claims and Defendant will file a Motion to Compel Arbitration, which Plaintiff has stated through his counsel that he will not oppose.

**E)** **date by which the case will be ready for trial and estimated length of trial:**

Should the Court deny Defendant's Unopposed Motion to Compel Arbitration, Defendant anticipates filing a motion for summary judgment, and should that motion be denied, the parties believe this matter will be ready for trial in May 2011, and estimate the trial to last 2-3 days.

**F)** **the desirability of ADR, and the timing for ADR:**

The parties believe that mediation near the close of the discovery phase may be fruitful. The parties anticipate that they will be able to select a mutually agreeable mediator.

**G)** **any objections to disclosure under Rule 26(a)(1):**

Should the Court deny Defendant's Motion to Compel Arbiration, the parties agree to exchange disclosures pursuant to Rule 26(a)(1) two weeks following the Court's Order denying Defendant's Unopposed Motion to Compel Arbitration.

The parties held their Rule 26(f) conference on June 15, 2010. Pursuant to that conference, the parties state as follows:

**A)** **Changes to be made in the timing, form, or requirements for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**:

The parties have agreed to exchange initial disclosures two weeks following the Court's Order denying Defendant's Unopposed Motion to Compel Arbitration, should the Court issue such an Order.

**B)** **The subjects on which discovery made be needed, when discovery should be completed, and whether discover should be conducted in phases or be limited to or focused on particular issues:**

The parties anticipate conducting routine discovery on Plaintiff's claims and Defendant's defenses, and they do not anticipate any unusual issues in that regard. The parties anticipate that discovery will be completed by January 31, 2011, in the event that the Court denies Defendant's anticipated motion to compel arbitration.

**C)** **Issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**:

The parties do not anticipate that there is much electronically stored information that is relevant to this matter. However, the parties have agreed to instruct their clients to preserve any relevant electronically stored information in case future production is warranted, at which time, the parties will confer concerning the cost and production of same.

**D)** **Issues about clams of privilege or of production as trial-preparation materials:**

At this time, there are no issues of privilege or other protection of trial-preparation materials that need to be addressed by the Court.

**E)** **Changes to be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule**:

The parties agree that the scope of discovery in this case shall be that imposed

by the Federal Rules of Civil Procedure and the Local Rules of this Court and that no

other limitations should be in place.

        **F)**       **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):**

The parties are not aware of any issues that the Court should address at this time.


s/ Trang Q. Tran                                           s/ Jeremy W. Hawpe

| | |
|---|---|
| Trang Q. Tran | Jeremy W. Hawpe |
| Texas Bar No. 00795787 | Texas Bar No. 24046041 |
| Andrew H. Iwata | |
| Texas Bar No. 24048568 | LITTLER MENDELSON |
| | A Professional Corporation |
| TRAN LAW FIRM L.L.P. | 2001 Ross Avenue |
| 3050 Post Oak, Suite 1720 | Suite 1500, Lock Box 116 |
| Houston, TX 77056 | Dallas, TX 75201-2931 |
| Tel: 713.223.8855 | Tel.:  214.880.8147 |
| Fax: 713.623.6399 | Fax:  214.880.0181 |
| ttran@tranlawllp.com | |
| ahi@tranlawllp.com | John T. Stembridge |
| | *(Pro Hac Vice Motion Pending)* |
| ATTORNEYS FOR PLAINTIFF | LITTLER MENDELSON |
| | A Professional Corporation |
| | 3344 Peachtree Road |
| | Suite 1500 |
| | Atlanta, GA 30326 |
| | E-mail: jstembridge@littler.com |
| | Tel.: 404.233.0330 |
| | Fax: 404.233.2361 |
| | |
| | ATTORNEYS FOR DEFENDANT |

Firmwide:95799675.1 046446.1123